Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com

Youssef H. Hammoud, Esq. (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Elida Miller*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIDA MILLER,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and TD BANK USA, N.A.,<br><br>Defendant. | **Case No. 8:19-cv-166**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227 *et. seq.*<br>2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Cal. Civ. Code § 3294<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Elida Miller ("Plaintiff"), through her attorneys, alleges the following against Target Corporation ("Target") and TD Bank USA, N.A. ("TD Bank") (collectively "Defendants"):

//

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3294, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

**JURISDICTION AND VENUE**

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in California.

9. Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant Target is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11. At all relevant times herein, Defendant Target, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *Cal. Civ. Code § 1788.2(d)*.

12. Defendant is a debt collector with its principal place of business located in Minneapolis, Minnesota. Defendant can be served with process to its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

13. Defendant TD Bank is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

14. Defendant TD Bank is a National Associates and regularly provides credit for Target Corporation's customers through the Target Credit Card.

15. At all relevant times herein, Defendant TD Bank, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *Cal. Civ. Code § 1788.2(d)*.

16. Defendant is a debt collector and can be served with process at its principal place of business located at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

## FACTUAL ALLEGATIONS

18. Defendants are attempting to collect an alleged debt from Plaintiff.

19. In or around October 2018, Defendant Target began placing calls to Plaintiff's cellular phone number ending in 0663, in an attempt to collect an alleged debt.

20. The calls placed by Defendants mainly originated from (612) 815-5870. Upon information and belief, this phone number is owned, operated or controlled by Defendants or their agent(s).

21. On or about October 16, 2018, at 5:10 p.m., Plaintiff received a phone call from Defendants on her cell phone; Plaintiff heard a short pause before one of Defendants' agents began to speak, indicating the use of an automated telephone dialing system.

22. During this conversation, Plaintiff spoke to a representative, Monica, who indicated that Defendant Target was attempting to collect a debt.

23. Plaintiff stated that she was at work and Defendant should not call during work hours. Further, Plaintiff stated that she would call Target when she had money to make a payment.

24. That request was ignored as Plaintiff continued to receive phone calls during work hours, as well as after work hours, from the Defendant throughout the months October and November 2018.

25. Again, on or about November 29, 2018, at 11:43 a.m., Plaintiff received a phone call from Defendants on her cell phone; Plaintiff heard a short pause before one of Defendants' agents began to speak, indicating the use of an automated telephone dialing system.

26. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant Target was attempting to collect a debt.

27. Plaintiff told the representative they she could not talk during work hours. Further, Plaintiff stated that she was a substitute teacher and the calls from Defendants were distracting.

28. Plaintiff told the representative that if Defendants needed to talk to her, Defendants should communicate by mail and that Plaintiff would call Defendants when she was able to make a payment.

29. That request was ignored as Plaintiff continued to receive phone calls from the Defendants.

30. Between October 16, 2018 and December 6, 2018, Defendants called Plaintiff approximately thirty-eight (38) times.

31. There were several occasions where the Defendants called the Plaintiff multiple times in one day.

32. There were a few occasions where the Defendants called Plaintiff multiple times within short periods of time.

33. For example, on or about November 28, 2018, Defendants called Plaintiff twice in just over twenty minutes.

34. Upon information and belief, Plaintiff also received approximately eight (8) pre-recorded voicemail messages on her cell phone from Defendants.

35. Defendants' calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

36. The calls violated the RFDCPA in multiple ways, including but not limited to:

    a. Causing a telephone to ring repeatedly or continuously to annoy the person called (Cal. Civ. Code § 1788.11(d));

    b. Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances (Cal. Civ. Code § 1788.11(e));

    c. By collecting or attempting to collect a consumer debt and not complying with Sections 1692b to 1692j of the FDCPA (Cal. Civ. Code § 178817).

        i. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

        ii. Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692f);

        iii. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

37. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

38. Communicating with Plaintiff by telephone with such frequency is unreasonable and constitutes an harassment.

39. Further, the conduct was done with such frequency so as to annoy, harass, oppress, and/or abuse Plaintiff.

40. Plaintiff works as a substitute teacher.

41. The phone calls during school hours were a distraction to Plaintiff during work.

42. Defendants' phone calls caused Plaintiff to suffer from stress, anxiety, headaches, distraction, and emotional and mental pain and anguish.

43. The constant automated debt collection calls from Defendants have made it hard on Plaintiff to get through her work day without suffering from emotional and mental pain and anguish.

44. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendants violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular

telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

47. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Defendants violated the RFDCPA. Defendants violations include, but are not limited to, the following:

   a. Defendants violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendants violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections

1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

50. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

    a. Plaintiff clearly stated to the Defendants that Defendants should not call her during work hours and that she would call Defendants when she has the money to make a payment.

    b. Moreover, Plaintiff repeated to Defendants that she the calls during work hours were distracting, that she was a substitute teacher, and that all communication should be by mail.

    c. Defendants' conduct was nothing short of intentional, as it was clearly aware of Plaintiff's request and continued to place calls to Plaintiff cell phone on a daily basis.

51. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III

**(Intrusion Upon Seclusion)**

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

54. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

   a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendants after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work schedule.

   d. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55. As a result of Defendants' violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT IV

### (Exemplary Damages – Punitive Damages)

56. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

58. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

59. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

60. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

61. Defendants were aware that Plaintiff had requested to not be called on her cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

62. Defendants' conduct subjected Plaintiff severe emotional and mental pain and anguish.

63. Defendants' conduct placed undue hardship on Plaintiff and disregarded Plaintiff's rights by placing an unreasonable amount of calls with such harassing and unreasonable frequency.

64. As a result of Defendants' conduct and violations, Defendants are liable to Plaintiff for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elida Miller respectfully requests judgment be entered against Defendants, Target Corporation and TD Bank USA, N.A., for the following:

A. Declaratory judgment that Defendants violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(a);

D. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 29, 2019

*/s/ Youssef H. Hammoud*
Youssef H. Hammoud, Esq. (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Elida Miller*